# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JAMES DUNN,

    Plaintiff,

v.

WRIGHT NATIONAL FLOOD INSURANCE COMPANY,

    Defendant.

Case No. 2:23-cv-00534-SPC-KCD

## AMENDED NOTICE OF REMOVAL OF A CIVIL ACTION[1]

Defendant, Wright National Flood Insurance Company ("Wright"), a Write-Your-Own Program insurance carrier participating in the United States Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[2] appearing in its "fiduciary"[3] capacity as the "fiscal agent of the United States,"[4] hereby removes the state court action entitled *"James Dunn v. Wright National Flood Insurance Company,"* bearing Case No. 11-2023-CA-002224-0001,[5] pending in the Court of the Twentieth Judicial Circuit in and for Collier County, Florida, to the United States

---

[1] Pursuant to Paragraph 5 of this Court's Civil Action Order (Document 5) and Local Rule 3.01(g), counsel for Wright hereby certifies that the parties have conferred regarding the filing of the Amended Notice of Removal and that counsel for Plaintiff has consented and agreed to Wright's filing of the Amended Notice of Removal.
[2] 42 U.S.C. § 4001, *et seq.*
[3] *See* 44 C.F.R. § 62.23(f).
[4] 42 U.S.C. § 4071(a)(1); *Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.,* 508 F.3d 1337, 1339 (11th Cir. 2007).
[5] When filing the Notice of Removal, counsel for Wright mistakenly referenced the DFS-SOP number 23-000314475 instead of the state court case number.

District Court for the Middle District of Florida, Fort Myers Division, and respectfully represents as follows:

## Notice of Removal is Timely

1. Plaintiff James Dunn ("Plaintiff") filed the referenced state court action against Wright on June 23, 2023. A true and accurate copy of the Summons and Complaint & Demand for Jury Trial are attached hereto as **Exhibit 1**, as required by 28 U.S.C. §§ 1446(a) and 1447(b).

2. Wright was served with the state court Summons and Complaint and Demand for Jury Trial ("Complaint") on or about June 30, 2023. Thirty days have not elapsed since Wright first received Plaintiff's Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

## Jurisdiction and Venue

3. In the Complaint, Plaintiff avers that Wright breached a policy of insurance by allegedly failing to pay full benefits for damages that occurred on or about September 28, 2022. The only policy issued by Wright was Standard Flood Insurance Policy ("SFIP") No. 09 1150485731 12 (the "Policy") issued by Wright, while acting in its capacity as a WYO Program carrier, to Plaintiff. A copy of the Flood Declarations Page is attached hereto as **Exhibit 2**.

4. Wright participates in and issues SFIPs under the National Flood Insurance Program's ("NFIP") Write-Your-Own Program. The NFIP is a federal program created pursuant to the NFIA.

5.     The payment that Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1311 (11th Cir. 2001); 44 C.F.R. § 62.23(f).

6.     The statutory scheme approved by Congress for flood insurance claims confers original exclusive jurisdiction upon the federal courts. 42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, **may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy**.

(emphasis added).

7.     As such, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072, 44 C.F.R. § 62.22(a) and 44 C.F.R. Part 61, App. A(1), Article VII(O) (2022), which vests in the United States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising

out of a disputed flood insurance claim under the NFIP. *Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348, 1350–52 (11th Cir. 2000); *see* 42 U.S.C. § 4072.

8. According to the Complaint, Plaintiff's property is located at 123 Conners Avenue, Naples, Florida 34108, which is situated within the jurisdiction of the United States District Court for the Middle District of Florida.

9. Because Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1331.

10. Because this action was filed in the Court of the Twentieth Judicial Circuit in and for Collier County, Florida, the United States District Court for the Middle District of Florida, Fort Myers Division, is the proper Court for removal of this action pursuant to 28 U.S.C. § 1441(a).

11. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff and will be filed with the Clerk of Court for the Court of the Twentieth Judicial Circuit in and for Collier County, Florida, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Wright National Flood Insurance Company prays that this Amended Notice of Removal be accepted as good and sufficient and that the aforementioned action, Case No. 11-2023-CA-002224-0001 in the Court of the Twentieth Judicial Circuit in and for Collier County, Florida, be removed to the

United States District Court for the Middle District of Florida for further proceedings as provided by law.

Respectfully submitted,

 /s/ Joel W. Morgan
Joel W. Morgan (FBN: 1010062)
Butler Snow LLP
919 East Main Street, Suite 600
Richmond, VA 23219
Direct: (804) 762-6027
Telephone: (804) 762-6030
Facsimile: (804) 762-6031
Email: joel.morgan@butlersnow.com
  christina.citino@butlersnow.com
*Lead Counsel for Defendant,*
Wright National Flood Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, a true and correct copy of the foregoing Amended Notice of Removal was electronically filed using the CM/ECF system, which will send a notice of electronic filing to:

David Harris, FBN: 71939
Cohen Law Group
350 North Lake Destiny Road
Maitland, FL 32751
Telephone: (407) 478-4878
Email: dharris@itsaboutjustice.law
  rachel.cooper@itsaboutjustice.law
*Counsel for Plaintiff*

 /s/ Joel W. Morgan

5

Joel W. Morgan

Joel W. Morgan